[Cite as *Mentor v. Jarc*, 2024-Ohio-891.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

CITY OF MENTOR,

        Plaintiff-Appellee,

- vs -

ALLEN E. JARC,

        Defendant-Appellant.

**CASE NOS. 2023-L-085**
        **2023-L-086**

Criminal Appeals from the
Mentor Municipal Court

Trial Court Nos. 2023 CRB 00541 A
        2023 CRB 00541 B

**O P I N I O N**

Decided: March 11, 2024
Judgment: Affirmed

*Lisa Klammer*, City of Mentor Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake* and *Jamie R. Eck*, Assistant Public Defenders, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

ROBERT J. PATTON, J.

**{¶1}** Defendant-Appellant, Allen E. Jarc ("appellant"), appeals the judgment of the Mentor Municipal Court convicting appellant of Theft and Criminal Damaging. For the reasons set forth below, we affirm.

**{¶2}** A complaint was filed in the Mentor Municipal Court on May 11, 2023, charging appellant with Theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1) and Criminal Damaging, a second-degree misdemeanor, in violation of R.C. 2909.06.

{¶3}    On May 18, 2023, appellant entered a plea of not guilty at arraignment and a $1,750.00 personal bond was set.

{¶4}    A bench trial was held on July 8, 2023. The following facts were presented at the trial:

{¶5}    Stephanie Newman ("Stephanie") resides at 15 Kimberly Lane in Mentor, Ohio with her mother Janice K. Newman ("Janice"). On April 24, 2023, she checked the footage from her Ring Doorbell camera, and saw appellant's silver Ford Expedition run over the curb and damage Kelly Looney's ("Looney") property. The Ring Doorbell had captured the motion at midnight.

{¶6}    The area of the curb that was hit contained a display with statues and other items which represented families in the community. Approximately ten minutes after the damage occurred, Stephanie observed via Ring camera footage, appellant and his dog walking to the area of the statues and appearing to pick something up. Appellant was also one of Stephanie's neighbors. Sometime later that morning, Stephanie and Janice observed some of the frog statues were missing, and a dog statue, belonging to appellant, was in their place. Janice testified that the rock with glued frog statues representing the Wakeoff family was missing from the display.

{¶7}    Sonya Harding ("Sonya") also testified at trial. She is also a member of the small community residing at 13 Kimberly Lane. Sonya indicated that there was a slab of frogs missing on April 24, 2023, and that a taller frog was knocked over. In place of the missing piece was appellant's dog statue. According to Sonya, appellant told her he placed the dog there.

Case Nos. 2023-L-085 and 2023-L-086

{¶8} Kelly Looney testified that the statue area on her property was originally created to keep trucks from digging up her yard as they drove through the neighborhood. After placing frog statues representing her and her husband, the neighbors started wanting to place statues in the area as well. On April 24, 2023, Sonya's family frogs were missing, and Looney's statute was damaged, the frog's tongue was detached. Ms. Looney called the police.

{¶9} Sergeant Jonathan Smelcer ("Sergeant Smelcer") of the Mentor Police Department was dispatched to Kimberly Lane. Patrolman Haddad also responded and took photographs of the scene which were introduced as State's Exhibits 3 and 4. Sergeant Smelcer took the dog statue as evidence. The dog had "The Jarcs" written on the top of the head.

{¶10} Sergeant Smelcer testified that when he went to appellant's residence, appellant's vehicle, the silver Ford Expedition, was parked in the driveway, a dog that appeared to be the same dog in the video was barking, but no one would answer the door. According to Sergeant Smelcer, appellant admitted to placing the dog statue in the area but denied damaging the display or taking the missing frogs.

{¶11} On May 21, 2023, appellant brought the missing frog display to the Mentor Police Department.

{¶12} At the close of the State's case-in-chief, appellant made a Crim.R. 29 motion for acquittal as to both charges. The motion was denied.

{¶13} At the conclusion of trial, the court found appellant guilty and sentenced appellant to 90 days in jail, which was suspended, and six months' probation. A no contact order was continued until February 7, 2024. At sentencing, the defendant stated he had

3

"no intention of keeping it," presumably referring to the statue that was missing and later returned.

**{¶14}** On August 21, 2023, appellant filed a motion requesting a new trial. That motion was denied.

**{¶15}** Appellant timely appeals and raises the following assignments of error:

**{¶16}** [1]. "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim. R. 29(A)."

**{¶17}** [2]. "The trial court erred to the prejucide [sic] of the defendant-appellant when it returned a verdict of guilty on all offenses charged against the manifest weight of the evidence."

**{¶18}** In his first assignment of error, appellant argues that the trial court erred when it denied his Crim. R. 29 motion for acquittal.

**{¶19}** Crim R. 29(A) provides in relevant part: "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

**{¶20}** "A Crim.R. 29(A) motion challenges the sufficiency of the evidence to support a conviction." *State v. Bell*, 11th Dist. Portage No. 2020-P-0060, 2021-Ohio-899, ¶ 6, citing *State v. Wright*, 11th Dist. Portage No. 2000-P-0128, 2002 WL 480328, *2 (Mar. 29, 2002). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's

4

guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶21} In his second assignment of error, appellant argues that his convictions are contrary to the manifest weight of the evidence.

{¶22} A determination of whether a conviction is against the weight of the evidence "necessarily rests on the existence of sufficient evidence to support the conviction." *State v. McCrory*, 11th Dist. Portage No. 2006-P-0017, 2006-Ohio-6348, ¶ 40.

{¶23} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

Case Nos. 2023-L-085 and 2023-L-086

**{¶24}** "The [trier of fact] is the sole judge of the weight of the evidence and the credibility of the witnesses." *State v. Landingham*, 11th Dist. Lake No. 2020-L-103, 2021-Ohio-4258, ¶ 22, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986), citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984); *Henkle v. Salem Mfg. Co.*, 39 Ohio St. 547 (1883). In other words, this court gives deference to the weight and factual findings made by the factfinder. *State v. Brown*, 11th Dist. Trumbull No. 2002-T-0077, 2003-Ohio-7183, ¶ 52, citing *Thompkins* at 390, and *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph two of the syllabus.

**{¶25}** In the instant case, the judge found appellant guilty of Theft, a first-degree misdemeanor, and Criminal Damaging, a second-degree misdemeanor.

**{¶26}** R.C. 2913.02(A)(1), Theft, provides, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent; * * *."

**{¶27}** R.C. 2909.06 (A), Criminal Damaging or Endangering, provides: "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: (1) Knowingly, by any means; [or], (2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."

Case Nos. 2023-L-085 and 2023-L-086

**{¶28}** Appellant contends that the State presented insufficient evidence to support his conviction of Theft and Criminal Damaging. He argues that the State failed to present evidence that appellant removed the frog statue with the intent to permanently deprive Sonya and failed to prove he knowingly caused damage to the statues. We disagree.

**{¶29}** Stephanie and Janice testified that their Ring doorbell detected motion at midnight, and recorded appellant backing out of his driveway in his silver Ford Expedition. Appellant's vehicle backed off the roadway, over a curb, and into Ms. Looney's yard and the area where the neighbors displayed their statues. Appellant did not have a statue in the area. Ms. Looney testified that appellant did not need to back that far to pull out into the roadway. On the video, appellant's vehicle can be seen backing out of the driveway, into the area, and appears to run something over. At the time of the incident, appellant was displeased that he did not have a statue representing his family in the area like the rest of the families in the community.

**{¶30}** Stephanie and Janice testified that shortly thereafter, appellant can be seen walking his dog toward the area. Appellant then appears to bend down and pick something up. The next morning, there was visible damage to at least two of the statues, one statue was knocked over, another was missing its tongue. A statue consisting of four frogs belonging to Sonya was missing from the display. In its place, was appellant's dog statue with "The Jarcs" written on top. Ms. Looney, Stephanie, Janice, and Sonya testified that the statues were damaged, and that Sonya's statue was missing from the display. A few weeks after the incident, the missing statue was later returned to the police department by appellant.

{¶31} Upon review, we conclude that sufficient evidence was presented to support appellant's convictions. Further, the trial court did not lose its way. The record supports the trial court's conclusion, and the court's decision does not create a miscarriage of justice. Thus, appellant's convictions are consistent with the manifest weight of the evidence. His first and second assignments of error are without merit.

{¶32} For the reasons set forth above, we affirm the judgment of the Mentor Municipal Court.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

Case Nos. 2023-L-085 and 2023-L-086